**MORNEAU v. UNITED STATES.**

No. 14016.

United States Court of Appeals Eighth Circuit.

April 26, 1950.

---

643

Appellant submitted brief pro se.

C. U. Landrum, U. S. Atty., and James J. Giblin, Asst. U. S. Atty, St. Paul, Minn. submitted brief for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application of the appellant, under § 2255, Title 28 U.S.C.A., for the vacation of a sentence of eighteen years' imprisonment imposed on October 27, 1939, upon his plea of guilty to an indictment charging him with entering a certain bank on May 17, 1939, "with intent then and there * * * to commit larceny in said bank," in violation of 48 Stat. 783, c. 304, § 2(a), as amended by c. 747, 50 Stat. 749, 12 U.S.C. § 588b(a) [1948 Revised Criminal Code, 18 U.S.C.A. 2113]. The appellant asserts, in effect, that the indictment was fatally defective because it charged that he had entered the bank with intent to commit larceny "in" the bank, and not "from" the bank, and because it failed to charge an intent to commit larceny of "property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of" the bank.

The indictment followed the language of the statute which makes it an offense to "enter any bank [as defined in the statute], * * * with intent to commit in such bank * * * any felony or larceny * * *." The case of Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640, upon which the appellant relies, does not hold that an indictment such as that in controversy is defective. The Supreme Court in that case ruled, in substance, that the word "felony," as used in the statute, did not include a felony which was not such under federal law.

The indictment was not fatally defective, compare Hewitt v. United States, 8 Cir., 110 F.2d 1; United States v. Bent, 8 Cir., 175 F.2d 397, 400-402, certiorari denied 338 U.S. 829, 70 S.Ct. 79, and, if defective at all, is no longer subject to attack. Hagner v. United States, 285 U.S. 427, 433, 52 S.Ct. 417, 76 L.Ed. 861.

The order appealed from is affirmed.