## MOHLER v. UNITED STATES.

### No. 13548.

United States Court of Appeals Fifth Circuit.

June 1, 1951.

C. L. Mohler, in pro. per.

Chester L. Sumners, U. S. Atty., Oxford, Miss., for appellee.

Before HUTCHESON, Chief Judge, and SIBLEY and STRUM, Circuit Judges.

SIBLEY, Circuit Judge.

The district court dismissed without a hearing a motion made by appellant in *propria persona,* under 28 U.S.Code § 2255, which sought to set aside a judgment and sentence to imprisonment, dated June 22, 1950, and to *nol pros* the prosecution, on the ground of an alleged violation of the Fifth Amendment of the Constitution in holding him "incarcerated from March 10, 1950, to July 13, 1950 incommunicado." No special provision of the Amendment is mentioned. The specific allegations are that on March 10, 1950 appellant was committed to jail under a federal warrant; that he pleaded with the Sheriff, his deputy and the United States Marshal for permission to phone an attorney, and the Court appointed Mr. Richard Booth as his counsel; that appellant was denied an interview with a Minister of his church and belief; was denied the privilege of phoning his parents and friends, or phoning anyone, and he was in a strange land without benefit of friends, and for a time without counsel of any sort; "after June 10, 1950 he decided he would have no alternative than to go before the Court at the earliest possible time, waive indictment and enter a plea of *nolo contendere* in order to escape such imprisonment, which this petitioner did." There is no allegation of other mistreatment, or of forced confession, or statement why the incarceration after sentence until July 13th was irregular or wrong. The motion exhibits an affidavit of his Mother made in Indiana stating that appellant did not telephone or telegraph her while he was incarcerated in Mississippi though she would have been glad to have paid for the messages, and that she sent him money, envelopes, stamps and other articles. She does not say she did not receive his letters, and necessarily she knew where he was. Also exhibited is an affidavit of a Baptist Minister that in answer to request by letter from appellant he went to the jail and was admitted, but was allowed only three to five minutes till "time was called." He does not say he came again and was refused admittance. There is an unsigned affidavit of Richard Booth to the effect that he received no phone calls from his client, the appellant, during his incarceration. There is no statement that he was denied other form of access or communication. There is also exhibited, as well as certified up as part of the record, a paper dated June 22, 1950, entitled in the case and signed both by the appellant and by Richard Booth as his counsel, which recites that appellant is held on a charge of knowingly transporting a stolen automobile from Indiana to the Eastern Division of the Northern District of Mississippi, and being fully advised of his right to await the action of the grand jury he agrees in open Court to waive such indictment and that the prosecution proceed by information, and he requests that the case be transferred to the Western Division of said District for the purpose of entering a plea. Also exhibited (as well as certified) is a copy of an information for said offense, a plea of *nolo contendere,* and a judgment of guilt and a sentence, the judgment reciting the presence of the defendant in person and his counsel. Another exhibit is a letter to appellant from the Judge, dated May 17, 1950, which among other things said "Mr. Booth is a high class and competent lawyer and certainly has represented you well so far.[1] I shall make no change in the appointment until I see some cause for it." Another exhibit is a letter to appellant from the District Attorney dated June 20th, which refers to a previous one, and states that he made no recommendations to the Court about sentences, and could not make any trade with appellant, but the Court would hear anything he wished to say; that this should be discussed with his attorney, and a copy of this letter would be sent him. The last exhibit is a letter dated June 22, 1950 from the Attorney General's office in Washington in reply to one from appellant of June 13th.

The motion itself and the record of the case show a regular procedure under Rules of Criminal Procedure Nos. 7(b) and 19, 18 U.S.C.A. There was no maintenance of any unlawful incommunicado for no one was improperly refused access, and cor-

1. He had gotten the original indictment quashed.

respondence by letter appears to have been general and full. The jailer was not bound to take his prisoner to a telephone. There were none when the Fifth Amendment was adopted. Nor do we think the Fifth Amendment has on these allegations been in any way violated and the sentence rendered vulnerable. Section 2255 does not require any hearing of a motion under it if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

Judgment affirmed.