**LOPEZ v. UNITED STATES.**

No. 14399.

United States Court of Appeals
Fifth Circuit.

June 26, 1953.

Alfred Lopez, Jr., in pro. per.

Jack D. Childers, Asst. U. S. Atty., Houston, Tex., Brian S. Odem, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

PER CURIAM.

Convicted of a violation of the narcotic laws of the United States, and, upon Information of Previous Convictions in Violation of Narcotic laws, sentenced as a third offender to serve ten years, appellant, petitioner below, moved, under Sec. 2255, Title 28 U.S.C. to vacate and set aside the judgment of conviction. Two grounds were put forward: (1) that he was subjected to an illegal search; and (2) that the evidence was not sufficient to convict him.

The district judge, in a full and complete memorandum, though stating that the grounds put forward can not be taken on a motion to vacate, yet pointed out: that petitioner was represented by an able attorney of his own choice; that no motion to suppress or other objection to the search was made; and that the evidence offered on the trial overwhelmingly established defendant's guilt.

In addition, though no contention was made by movant that he was entitled to relief because thereof, the district judge, in the same memorandum, of his own motion referred to the fact that at the time of the entry of the judgment, the contention had been made that petitioner was a juvenile when first convicted and, therefore, could not be sentenced as a third offender. So referring and calling attention to the undisputed facts of record showing that movant had not been proceeded against as a juvenile, 18 U.S.C.A. Chapt. 403, Secs. 5032–5033, he again ruled, as he had formerly done, that the court had no option but to sentence petitioner to the minimum of ten years which had been imposed upon him.

Upon all of these considerations, he denied the motion and this appeal followed.

Here, by his brief on appeal, appellant makes only one point, that the evidence failed to show that he unlawfully, knowingly, and fraudulently imported the narcotics complained of, and that, therefore, he had been convicted in violation of due process. Pressing that contention, he undertakes to argue that the evidence was insufficient to convict him, and the judgment may not stand.

We think it perfectly plain on the record made below and here that the appeal presents nothing for our consideration. As plainly appears upon the face of the statute and in the decisions construing and applying it,[1] neither the motion under Sec. 2255 nor appellant's petition for writ of habeas corpus ad testificandum in support of his motion, presented any matters which required the production of the prisoner at the hearing or the granting of the relief prayed for by him.

The applicable provisions of the section are as follows:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

The appellant does not complain of occurrences outside the record in his motion to vacate. He is complaining of matters within the record. The motion does not raise any issues of fact. Mohler v. U. S., 5 Cir., 189 F.2d 854; Risken v. United States, 8 Cir., 197 F.2d 959. It was correctly denied, and the order denying it is affirmed.

---

1. Howell v. U. S., 4 Cir., 172 F.2d 213; U. S. v. Walker, 2 Cir., 197 F.2d 287; Barber v. U. S., 10 Cir., 197 F.2d 815; U. S. v. Carengella, 7 Cir., 198 F.2d 3.