**GORE v. UNITED STATES.**
**No. 11878.**

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 1953.

Marion W. Moore, Covington, Ky., for appellant.

J. Leonard Walker, Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

On this appeal, the convicted defendant charges that he was deprived of his constitutional rights, under the Sixth Amendment, to have the assistance of counsel for his defense.

The charge is not well grounded in fact. The district judge appointed a competent attorney to represent appellant, who asked that the court discharge the appointed attorney. He did not ask for a substituted attorney, but expressed a preference to represent himself. Attorneys representing other defendants in the case stated to the court that, with the the consent of appellant, they would stand ready to guard his constitutional rights and "look after him." Appellant stated: "That will suit me." Asked by the judge whether he desired the volunteer attorneys to be named as his counsel, appellant stated that he wanted to represent himself. The court then told him that he would be at liberty to confer with the attorneys as they had offered to give him advice when called upon.

The case proceeded to trial, the volunteer lawyers aiding in numerous respects the appellant, who showed intelligence in examination of the witnesses against him and in other matters connected with representing himself. The government, in its brief, points to 44 instances during the course of the trial indicating that appellant had intelligently waived counsel and had intelligently, and without prejudice to himself, conducted his own defense, aided by the competent attorneys [representatives of the other defendants] who had volunteered to assist him. Actually, appellant, who was sentenced to 20 years' imprisonment for bank robbery, was given a lesser sentence than that given the other two defendants, who each received a sentence of 25 years' imprisonment.

The following authorities, among others, support the action of the district court in denying the motion of appellant to vacate sentence. Crawford v. United

**346**

States, 6 Cir., 188 F.2d 536; Woolard v. United States, 5 Cir., 178 F.2d 84; Burstein v. United States, 9 Cir., 178 F.2d 665; Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L. Ed. 268.

We think the ruling of the district court, denying the motion of appellant to vacate sentence, should, on the record and on the law of the case, be affirmed; and it is so ordered.