**MANNLEY v. UNITED STATES.**

No. 14911.

United States Court of Appeals
Fifth Circuit.

May 31, 1954.

Frank F. Mize, Forest, Miss., for appellant.

Robert C. Hauberg, U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HUTCHESON, Chief Judge.

Tried and convicted with several others on three counts of an indictment charging violations of the Narcotic Act, including conspiring to violate Secs. 2553 (a) and 2554(a), Title 26 U.S.C.A., and, on September 26, 1952, sentenced to a prison term of ten years, defendant Mannley, who was represented by court appointed counsel, did not appeal.

Two of the defendants, Cochran and Collins, who were represented by counsel of their own choosing and who had been convicted of conspiracy alone, did appeal, and, on April 22, 1954,[1] this court affirmed the judgment as to Cochran and reversed it as to Collins because of an illegal search as to him.

In the meantime, on August 24, 1952, Mannley filed a motion styled, "Motion for relief—Law Section 2255 U.S.Code Title 28", attacking the sentence and

1. Cochran v. United States, 5 Cir., 212 F.2d 511.

judgment as entered upon insufficient evidence, praying to be allowed to proceed in forma pauperis, and to be brought before the court to testify.

Thereafter, leave having been granted to do so, petitioner filed an amended motion setting up eleven grounds and a petition for writ of habeas corpus *ad testificandum*, directing the warden to bring the petitioner before the court to testify in support of his motion.

The district judge, of the opinion, for the reasons carefully set out [2] by him, that the motion and the files and record of the case conclusively show that "the petitioner is entitled to no relief", denied both the Section 2255 petition and the writ of habeas corpus *ad testificandum*.

Thereafter, through the counsel appointed at his request, Frank Mize, who had represented the defendants who had appealed, petitioner appealed and is here insisting that in denying petitioner's motions the court erred.

We do not think so. Of the eleven grounds alleged in the motion for Sec. 2255 relief, none of them, except possibly the eleventh, which charges incompetency and neglect on the part of Mr. Dunn, the court appointed counsel, particularly in not appealing from the conviction, presents any matter cognizable under that section. All of them, mere claims of error cognizable only on an appeal, are collateral attacks on the judgment.

Treating the eleventh as in its nature cognizable in this proceeding, we think it clear that in substance no fact is presented by it which supported the relief requested by petitioner or required the personal presence of petitioner as a witness. Indeed, we find ourselves in complete accord with the disposition the district judge made of this charge.[3]

The judgment was right.[4] It is affirmed.

---

2. In the "opinion of the court and findings of fact, on the petition to set aside judgment and to vacate the sentence and to grant a writ of habeas corpus."

3. "* * * He did not employ counsel to represent him but upon his request an able lawyer of wide experience and in good standing as a member of the bar admitted to practice in the United States Court for the Southern District of Mississippi was appointed to represent him and did represent him ably and with all fidelity. Edwin A. Dunn of the Meridian bar was the counsel so appointed. The court had known Mr. Dunn for many years and knew him to be an able, reputable and honorable lawyer and Mr. Dunn accepted the appointment.

"After conviction and at the time of sentence and immediately thereafter while all the defendants and their attorneys were in the court room, the court advised them that if any of them desired to file a motion for a new trial or to appeal to advise the court as I would be in Meridian a few days and then could be reached at Jackson for any matters that might come up. [This appears in the record of the appealed case at page 432] No motion for a new trial or notice of appeal was given by this defendant. Others of the defendants did appeal.

"* * * The court has received the entire record in the proceedings of the case, including the motion, files and record, and they conclusively show that the prisoner is entitled to no relief. The court had jurisdiction, the sentence was proper and authorized by law and the judgment of conviction was and is not subject to collateral attack and there was no infringement of his constitutional rights. He was ably defended by a capable and competent attorney of the bar of the district appointed by the court, all as shown by the record on file.

"* * * From the record in the case and the knowledge the court has of the ability, honesty and competency of Edwin A. Dunn who defended the petitioner, the court finds that said attorney fully and completely rendered to him every duty owed him and complied with every request that was made of him by petitioner and that no request for an appeal to the Court of Appeals was made by petitioner. The court further finds that no motion of any kind was made by petitioner to the court until the one received by the court on August 24th."

4. Mohler v. United States, 5 Cir., 189 F.2d 854; U. S. v. Wight, 2 Cir., 176 F.2d 376; Crowe v. U. S., 4 Cir., 175 F.2d 799.