Alfred LOPEZ, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15218.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1954.

Alfred Lopez, in pro. per.

Malcolm R. Wilkey, U. S. Atty.,
Charles L. Short, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

After the judgment, denying his original motion under Section 2255, Title 28, to vacate sentence, had been affirmed in this court,[1] appellant filed in the district court another motion on two grounds. One of these was that the United States District Court erroneously proceeded to judgment without jurisdiction to do so due to the fact that no complaint was filed in the court prior to or after conclusion of proceedings had before United States Commissioner for the Southern District of Texas upon preliminary examination, and, therefore the court proceeded to judgment in contravention of the Constitution and laws of the United States. The other was that the indictment of the grand jury was founded upon a non-existent and unconstitutional statute, Public Law 255, 82nd Congress, Chap. 666, 65 Stat. 767–769, known as the Boggs Act, in that the bill was not presented to the President in accordance with the Constitution and, if presented, it was not approved by him within the constitutional period of time provided for his consent.

The district judge, in a memorandum opinion, held that the first claim had no basis in fact or in law: in fact because a complaint was filed before the commissioner, a warrant of arrest was issued and executed, and a transcript of the proceedings was duly transmitted to the clerk of the court; and in law because the filing of a complaint and proceeding before a commissioner is not required before an indictment is found, a grand jury may indict without any formal charges being filed.[2] As to the second claim, he concluded, for the reasons and upon the authorities which had been stated by him in United States v. Pruitt, D.C., 121 F.Supp. 15, at page 24, that the claim was unfounded in fact and in law. From the order, entered pursuant to these views, denying his petition, peti-

---

1. Lopez v. U. S., 5 Cir., 205 F.2d 452.

2. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; U. S. v. Neff, 3 Cir., 212 F.2d 297.

tioner has appealed urging here the same grounds urged below.

For the reasons given and upon the authorities cited by the district judge, to which may be added United States v. Kapsalis, 7 Cir., 214 F.2d 677, 678, where the question of the validity of the Boggs Act is fully examined and discussed, the judgment is affirmed.