Ralph FORD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12835.

United States Court of Appeals
Sixth Circuit.

June 18, 1956.

Ralph Ford, per se.

Richard M. Colasurd, Toledo, Ohio
(Sumner Canary, Cleveland, Ohio, Clarence M. Condon, Richard M. Colasurd,
Toledo, Ohio, on the brief), for appellee.

Before ALLEN and MARTIN, Circuit
Judges, and STARR, District Judge.

STARR, District Judge.

Appellant, having been granted leave
by this court, appeals in forma pauperis
from an order of the District Judge
denying his motion, filed in pursuance of
28 U.S.C. § 2255, to vacate and set aside

judgment of conviction and the sentence imposed upon him.

Appellant was arrested in a bar in Toledo by city police officers and a search of his person disclosed a quantity of the narcotic drug heroin secreted in his underclothing. The arrest and search were without warrant, and the city officers, electing not to prosecute, referred the matter to Federal authorities. Appellant was indicted by a Federal grand jury for violation of 21 U.S.C.A. § 174, and his motion to suppress evidence and his petition for the return of the narcotic drug found upon his person were denied. Upon jury trial, in which he was represented by court-appointed counsel, he was convicted and on February 11, 1955, was sentenced to a prison term of seven years and to pay a nominal fine. It may be noted that in open court appellant admitted that in 1951 he had been convicted of the violation of 26 U.S.C. (I.R.C.1939) § 2593(a), now 26 U.S.C. (I.R.C.1954) § 4744.[1]

On July 18, 1955, appellant filed a motion in pursuance of 28 U.S.C. § 2255 to vacate the judgment and the sentence imposed upon him, and on November 17, 1955, he filed a petition for the writ of habeas corpus. This motion and petition were denied by the District Judge, and as the same involved no questions of fact, but only questions of law, it was unnecessary that appellant be present at a hearing thereon.

This court granted appellant leave to appeal in forma pauperis, 28 U.S.C. § 1915, and he now contends that the trial court erred in denying his motion to vacate judgment and sentence, on the grounds: (1) That his arrest by the city police officers and the search of his person were illegal and that the evidence thereby obtained should have been suppressed; (2) that the evidence produced by the government did not sustain the indictment and his conviction and sentence; and (3) that he was not effectively represented by the court-appointed counsel. Appellant's motion to vacate the judgment of conviction and sentence was expressly made in pursuance of 28 U.S.C. § 2255, which provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

■■■ Appellant's motion to vacate judgment and sentence is not based on any of the grounds provided in above section 2255, and the law is well established that his contention as to the admissibility and sufficiency of evidence should have been raised by timely appeal from his conviction and sentence and not by motion under that section or by habeas corpus. That is, proceedings by motion to vacate judgment and sentence or by habeas corpus may not be used as a substitute for appeal. See Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Marshall v. United States, 6 Cir., 217 F.2d 467; Davis v. United States, 7 Cir., 214 F.2d 594; Mannley v. United States, 5 Cir., 213 F.2d 791; Lopez v. United States, 5 Cir., 205 F.2d 452; United States v. Walker, 2 Cir., 197 F.2d 287, certiorari denied 344 U.S. 877,

---

1. 26 U.S.C. (I.R.C.1939) § 2593(a): "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590(a)."

73 S.Ct. 172, 97 L.Ed. 679; Barber v. United States, 10 Cir., 197 F.2d 815; Hurst v. United States, 10 Cir., 177 F.2d 894; Taylor v. United States, 4 Cir., 177 F.2d 194.

█ █ However, even if the questions raised by appellant's motion for the vacation of judgment and sentence had been properly raised, it is clear that his contentions are wholly without merit. There is no showing that Federal officers in any way participated in appellant's arrest or in the search of his person, or that city police officers were working for or in behalf of the government. The law is well established that evidence procured by city or State officers who are not acting for the government or in conjunction with Federal officers is admissible in prosecutions in Federal courts. In United States v. Haywood, 7 Cir., 208 F. 2d 156, 158, the court said:

> "Generally speaking, in the federal courts State officers are considered as strangers as far as the use of evidence procured by search and seizure is concerned; and although search and seizure by State officers may be illegal, if made entirely independent of any cooperation with federal officers, the evidence seized is usually admissible in prosecutions in the federal courts. 20 Amer. Juris., Evidence, Sec. 397."

█ Appellant's contention that the government must prove that he transported the drug heroin found upon his person across a State line or that he knew the drug had been illegally imported into this country is wholly without merit, as 21 U.S.C.A. § 174 provides in part:

> "Whenever on trial for a violation of this subdivision the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

█ His contention that he was not effectively represented by court-appointed counsel is without merit, and it may be noted that the trial judge complimented counsel upon his capable handling of the case. Unsuccessful litigants usually blame their counsel.

Other contentions by appellant do not merit consideration, and the order of the district court denying his motion to vacate judgment and sentence and denying his petition for the writ of habeas corpus is affirmed.