James Edward WINGO, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13187.

United States Court of Appeals
Sixth Circuit.

May 31, 1957.

James Rutherford, Nashville, Tenn., for appellant.

Fred Elledge, Jr., and James R. Tuck, Nashville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant, in this proceeding under Section 2255, Title 28 U.S.Code, seeks to vacate judgment imposed in the U. S. District Court on the ground of prejudicial newspaper publicity during the overnight recess of the jury, during which the jurors separated and went to their respective homes. Briggs v. United States, 6 Cir., 221 F.2d 636, 638. Following a hearing in which appellant introduced the newspaper articles complained of but no other evidence on the issue, the District Judge dismissed the proceeding.

The question presented could have and should have been raised by motion for mistrial in the trial of the case in the District Court. No appeal was taken from the judgment on the verdict. Compare Briggs v. United States, supra; Krogmann v. United States, 6 Cir., 225 F.2d 220, 228. The provisions of Section 2255, Title 28 U.S.Code, cannot be used as a substitute for appeal. Sunal v. Large, 332 U.S. 174, 178–179, 67 S.Ct. 1588, 91 L.Ed. 1982; Ford v. United States, 6 Cir., 234 F.2d 835, 836.

The appellant is in custody under a state sentence, not the sentence in the federal court, which he is attacking in this proceeding. If the sentence under attack should be held invalid, it would not result in appellant's release from confinement. The present proceeding is premature and will not lie. Duggins v. United States, 6 Cir., 240 F.2d 479.

The judgment is affirmed.