Charles Edward STEGALL, Petitioner,

v.

UNITED STATES of America,
Respondent.

Cr. A. No. 3722.

Civ. A. No. 943.

United States District Court
W. D. Kentucky, Paducah Division.

Aug. 12, 1957.

Cravey & Pentecost, Atlanta, Ga., for petitioner.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for respondent.

SHELBOURNE, Chief Judge.

Charged by indictment, along with Thomas White Gore and Willaim Dessie Messamore, with the robbery of the Kevil Bank at Kevil, Kentucky, on August 12, 1948, the petitioner, Charles Edward Stegall, was found guilty by a jury in a trial of the three defendants named in the indictment and sentenced on June 22, 1949, to the custody of the Attorney General of the United States for imprisonment for a period of 25 years on the second count of the indictment. The petitoner is now confined by virtue of said sentence and commitment. By his motion to vacate the sentence, filed April 16, 1957, under the provisions of Title 28 U.S.C.A. § 2255, he challenges the validity of his conviction and resulting confinement on three grounds, to wit: (1) that he was denied the effective assistance of counsel during his trial; (2) that he was denied the due process of law during his trial when one of his co-defendants, Messamore, was examined, out of the presence of the defendant Stegall and the jury, concerning the facts under which a confession was made and to determine whether the confession or evidence of the confession by Messamore should be allowed to be heard by the jury, and (3) that the indictment upon which the petitioner was tried and convicted failed to charge petitioner with the commission of any offense against the laws of the United States.

The indictment contained two counts based upon Sections 588b(a) and 588b (b) of Title 12, U.S. Code Annotated.[1] Count One charged that Messamore, Gore and Stegall "did enter a building used as a bank, to-wit, the Kevil Bank at Kevil, Kentucky, with intent to commit therein a felony or larceny, and carried away with intent to steal or purloin property and money in the sum of $19,387.25, belonging to the said Kevil Bank, an insured institution of the Federal Deposit Insurance Corporation." Count Two charged that the defendants "did enter a building used as a bank by force and violence and, by the use of a dangerous weapon, to-wit, a revolver, did put in jepoardy the life of Mrs. Lynda Hook and others in stealing or purloining property and money in the sum of $19,-387.25 belonging to the Kevil Bank at Kevil, Kentucky, an insured institution of the Federal Deposit Insurance Corporation."

April 18, 1949, the defendants named in the indictment were arraigned and entered pleas of not guilty. At the arraignment petitioner was represented by counsel appointed for him by the Court; the case was continued for trial on June 20, 1949. In the interval between the arraignment and the date of the trial, petitioner employed counsel of his own choosing, two prominent members of the Bar of Louisville, Kentucky, and both experienced in the trial of criminal cases.

On arraignment the defendant Gore was represented by counsel appointed by the Court; the defendant Messamore was

1. Now 18 U.S.C.A. § 2113.

represented by two attorneys whom he employed.

At the time of the trial the defendant Gore, with the consent of the Court, discharged the counsel appointed by the Court to represent him and stated that he preferred to represent himself. At that time, petitioner's attorneys stated to the Court that they would stand ready to guard Gore's constitutional rights and "look after" him, to which Gore agreed. But, when asked whether he desired petitioner's attorneys to be named as his counsel, he again stated to the Court that he preferred to represent himself.

In various proceedings by Gore, under Section 2255 of Title 28 U.S. Code Annotated, it appears that in 44 instances, as shown by the transcript of the trial, Gore interrogated the witnessess and conducted his defense. It is stated by petitioner Stegall in his present motion that Stegall's counsel, who volunteered to assist Gore, interrogated witnesses and otherwise acted for and in behalf of Gore.

No direct appeal was prosecuted by any of the defendants; but, by an order entered January 18, 1952, and for the reasons stated in a memorandum of even date filed with the order, a motion for a new trial on account of newly discovered evidence and a motion to vacate the judgment under Section 2255 of Title 28 U.S. Code Annotated, filed by Messamore, were overruled.

December 9, 1953, the United States Court of Appeals for the Sixth Circuit affirmed an order of this Court denying a motion, filed by Gore, to vacate the judgment of conviction as to him because of his alleged deprivation of the effective assistance of counsel (Gore v. U. S., 6 Cir., 209 F.2d 345). Gore prosecuted the case to the Supreme Court on a petition for a writ of certiorari, which was denied (347 U.S. 1020, 74 S.Ct. 878, 98 L.Ed. 1141). A subsequent petition, under Section 2255 of Title 28 U.S. Code Annotated was denied by this Court on March 24, 1955 (United States v. Gore, 130 F.Supp. 117). Gore prosecuted an appeal to the United States Court of Appeals for the Sixth Circuit where the judgment of this Court was affirmed (Gore v. U. S., 6 Cir., 234 F.2d 658); his petition for a writ of certiorari was denied (352 U.S. 982, 77 S.Ct. 384, 1 L. Ed.2d 365).

■ The present proceeding is the first attack on the judgment by the petitioner Stegall. His petition fairly states the essential facts, except as to certain conclusions that are not supported by the records, such as, "from the record of the trial it is apparent that the defenses of movant and said Gore were hostile and antagonistic to each other," and again he states "that because of the inconsistent, antagonistic and hostile differences between his and the said Gore's defenses, that his counsel could not freely, fully and competently represent both parties. He further states that the defenses of all three defendants were hostile and inconsistent; the record in this case shows the contrary. Each and all of the defendants denied any connection or complicity in the robbery of the bank, and each undertook to show that on the day of the robbery he was elsewhere than in the vicinity of Paducah, Kentucky, where a car was stolen, and Kevil, Kentucky, where the bank was robbed.

The record is silent as to any protest of any kind on the part of Stegall to the offer of his lawyers to "look after" Gore and protect his constitutional rights.

■ This case presents a typical misconception on the part of many convicted defendants as to the purposes of Title 28 U.S.C.A. § 2255. That section cannot be made a substitute for an appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Goss v. U. S., 6 Cir., 179 F.2d 706; Davilman v. U. S., 6 Cir., 180 F.2d 284; Hudspeth v. U. S., 6 Cir., 183 F.2d 68; Whiting v. U. S., 6 Cir., 196 F.2d 619.

As stated by the Court of Appeals for this Circuit in Ford v. U. S., 6 Cir., 234 F.2d 835, 837, "Unsuccessful litigants usually blame their counsel."

In Lucas v. U. S., D.C.W.Va., 114 F.Supp. 584, 590, Judge Watkins said, "a defendant in a criminal case cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after trial has resulted adversely, have the judgment set aside because of alleged incompetence, negligence or lack of skill of such counsel." In support of this statement there is cited Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95; see also Ford v. U. S., 6 Cir., 234 F.2d 835.

There is nothing in the record of the trial in this case that could indicate any lack of capable and intelligent representation of the petitioner and the capable handling of his defenses; petitioner's statement that the efforts of his attorneys manifested in behalf of Gore lessened their efforts or the effectiveness of their efforts in behalf of the petitioner is unsupported.

His second contention that he was denied due process of law, because he was not present in the chambers of the Court when the circumstances surrounding the written confession of Messamore were considered and the Court permitted counsel to argue the admissibility of the confession of the defendant Messamore, is equally without merit. Even though his attorneys were at all times present in this hearing out of the presence of the jury, the petitioner contends that not being present himself constituted such a grave and serious error as to amount to a denial of his constitutional rights to be present at such stage of his trial. Gore likewise made this same contention and the Court held that it was without merit. A fortiori, the contention of Stegall is without merit because his employed counsel were present, and the record reflects that the confession was admitted in evidence with a careful admonition to the jury that it could be considered only as to the defendant Messamore and could in no wise be considered against Gore and Stegall.

Should the admission of Messamore's confession be erroneous, which the Court maintains it is not in the light of the admonition given to the jury, it is not an error which may be reached by a motion to vacate under Section 2255 of Title 28 U.S.C.A. Errors in the admission of testimony can be reached only by appeal (Davilman v. U. S., 6 Cir., 180 F.2d 284).

The third contention is that no offense was charged in the second count of the indictment on which sentence was imposed.

In the case of Dunn v. U. S., 6 Cir., 234 F.2d 219, 221, the Court said, " * * * appellant's criticism of the wording of the indictment was a matter to be tested by appeal, not by a motion to vacate judgment." To the same effect are many cases: Morneau v. U. S., 8 Cir., 181 F.2d 642; Smith v. U. S., 10 Cir., 205 F.2d 768; Klein v. U. S., 7 Cir., 204 F.2d 513; Kreuter v. U. S., 10 Cir., 201 F.2d 33; Barns v. U. S., 8 Cir., 197 F.2d 271.

The rule is thus stated in Smith v. U. S., supra, where an indictment or information, though defective in form, undertakes to charge an offense under a federal statute of which the Court has jurisdiction, and the Court acquires jurisdiction of the accused, the sufficiency of the indictment or information is not subject to collateral attack after plea of guilty or conviction, either in a habeas corpus proceeding or by motion under Section 2255, Title 28 U.S.C.A. This rule, of course, is subject to the exception that if the indictment is so obviously defective that by no reasonable construction could it be said to charge the offense for which the conviction was had then error may be reached through a motion under Section 2255, Title 28 U.S. C.A.

Section 588b(a) creates an offense if, by force and violence or by putting in fear, one feloniously takes or attempts to take from the person or presence of another property, money or other thing of value belonging to or in the care custody or possession of a bank. It also creates an offense for any one to enter a bank or a building used as a bank with intent to commit therein any felony or

larceny. It further creates an offense where one takes or carries away, with intent to steal or purloin, property, money or other thing of value in excess of $50 belonging to or in the possession or custody of the bank, and a similar offense to the latter is created where the amount is less than $50.

Section 588b(b) provides that any one, committing or in attempting to commit any of the offenses defined in Subsection (a), who assaults or puts in jeopardy the life of any person by the use of a dangerous weapon shall be guilty of an offense and subject to penalties in excess of those provided for in Subsection (a).

In this case, the second count of the indictment charges that the defendants, by the use of a dangerous weapon, put in jeopardy the life of Mrs. Lynda Hook and others in stealing or purloining property and money in the sum of $19,-387.25, belonging to the Kevil Bank, an insured institution of the Federal Deposit Insurance Corporation.

None of the defendants demurred to or raised any objections to the indictment. Now, for the first time since June 20, 1949, Stegall complains that the indictment was defective.

In the case of Hagner v. U. S., 285 U.S. 427, 52 S.Ct. 417, 420, 76 L.Ed. 861, the petitioners for a writ of certiorari to review the affirmance of a conviction in the District of Columbia were shown to have been arraigned and proceeded to trial without challenging the sufficiency of the indictment or the jurisdiction of the Court. Promptly following a verdict of guilty by the jury, they moved in arrest of the judgment upon the ground that the indictment failed to charge any offense within the jurisdiction of the Court. They were unsuccessful on their appeal to the Appellate Court of the District of Columbia, 60 App.D.C. 335, 54 F.2d 446, and sought relief in the Supreme Court by certiorari. The Supreme Court said that the true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether is contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. The Court said the indictment in that case was loosely and inartificially drawn, and indicated that upon timely objection would have been open to some form of challenge at an earlier stage of the case but said, "we are of opinion that after verdict it is not vulnerable to the attack here made upon it," citing cases. The Court further said, "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment."

The indictment in this case more than measures up to the standard set forth by the Supreme Court in the Hagner case.

The Court, therefore, has concluded that the petitioner's motion is without merit, and an order is this day entered denying and overruling said motion.