DONALD LEROY CHAMBERLAIN, Petitioner, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY OF PUERTO RICO, Respondent.

Nos. 953, 147. Resubmitted February 6, 1961.—Decided March 21, 1961.

*Raúl Feliciano* and *José Torres Ortiz* for petitioner. *J. B. Fernández Badillo, Attorney General* and *Arturo Estrella, First Assistant Attorney General* for respondent.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Donald Leroy Chamberlain filed a petition for habeas corpus alleging that he is illegally committed in the Puerto Rico State Penitentiary serving a sentence of five to twelve years in the penitentiary, imposed on him by the Superior Court, San Juan Part, in criminal cases G-58–614, G-58–615, and M-58–500, for the crimes of attempt of robbery, carrying of arms, and illegal possession of arms. The grounds for the petition are literally transcribed in the former opinion which we delivered in this case on October 25, 1960, *Chamberlain* v. *Delgado, ante,* pp. 6, 8–10. We may summarize them by saying that the sentence is impeached on the basis that: (a) the trial took place after the newspapers "El Mundo" and "El Imparcial" published information prejudicial to the petitioner, and when the effect of this adverse publicity had not yet ceased; (b) the defendant did not have the proper assistance of counsel, since his attorneys did not take the necessary legal steps in order to prevent said adverse publicity from affecting the proceeding instituted against him; and (c) citizens born in the United States, residents of Puerto Rico and acquainted with the Spanish language were excluded from the panel of jury that was to act in the case.

On the following September 15, we entered an order dismissing the petition "considering that no sufficient and adequate grounds are stated, so that we may, in the exercise

of our original jurisdiction, proceed to take cognizance of the case." Thereafter, and in view of an allegation in a motion for reconsideration which had not been raised in the original petition to the effect that an appeal had been filed against the sentence challenged and that therefore we had *exclusive* jurisdiction to issue the writ of habeas corpus, we set aside this order and ordered a new hearing in which the parties were to argue the following questions: (a) whether there exist in this case extraordinary circumstances permitting the petitioner to resort to the habeas corpus proceeding notwithstanding the fact that he filed an appeal against the judgment whose validity he challenges; and (b) if so, whether there are reasons precluding the Superior Court from intervening in the habeas corpus proceeding after having been granted permission therefor by this Court. 82 P.R.R. 21.

For the purpose of the final disposition of this petition for habeas corpus, it is convenient to refer to the facts in the record and to the state of the appeal taken by the petitioner from the judgment of the Superior Court and which is filed under number 17066 in the office of the Secretary of this Court. Let us see.

From the original record received on March 16, 1961, the judgment roll sent on January 4, 1961, and from the partial transcript of the evidence filed on December 21, 1960, it appears that the informations were filed against the petitioner on September 16, 1958; that the arraignment took place on the following day, and that the defendant appeared personally at said act and assisted by his attorney, Gerardo Ortiz del Rivero, who was joined by Víctor Alberty Ruiz, E. L. Belén Trujillo, and Rafael L. Franco García, attorneys-at-law; that the hearing was set for October 15, 1958 and was continued at the request of defendant's counsel; that on October 27, 1958 the defendant filed a motion requesting the dismissal of the causes, or in its

default, that the hearing be suspended for a term of two years, on the basis that the adverse publicity that the matter had received, prevented the holding of a fair trial; that on December 10, 1958 the defense presented a motion requesting the designation of an interpreter because the defendant did not understand the Spanish language; that on the same date he also moved the court for a copy of the general list of juries; that on December 9, 1958 the defendant reproduced its motion to dismiss of October 27, 1958,[1] but did not insist in his motion not to set the case until after two years had passed; that the hearing of this motion was held on February 28, 1959 and was finally dismissed by an order of March 26 of the same year; that the hearing of the case started on April 13, 1959, the defendant being represented by Gerardo Ortiz del Rivero, Santos P. Amadeo, Francisco Abréu Castillo, E. L. Belén Trujillo, and Lorenzo Piñeiro, attorneys-at-law; that at the beginning of the trial the defendant challenged the general panel of the juries on the ground that American citizens born in the United States, residents of Puerto Rico and acquainted with the Spanish language had been excluded systematically; that in support of this challenge documentary evidence and the testimony of four witnesses was offered; that said challenge was dismissed and the presiding judge ruled that "this question had been long since raised by the defense in its motions addressed to the court"; that counsel for the defense questioned the members of the jury extensively about their knowledge of the case on trial, either through the reading of newspapers or through radio and television programs; and that they were likewise questioned about their knowledge of a robbery at the Bank of Nova Scotia; that once the jury was impaneled and before the prosecuting

---

[1] The second motion to dismiss is in identical terms as the original, with the exception that it omits two paragraphs which refer to the motion of continuance which the defendant had filed and for a hearing on November 5, 1958.

attorney stated the theory for the prosecution, the defense made a motion for mistrial, which was discussed in the absence of the jury, and in relation with which they presented in evidence two copies of the newspaper "El Mundo" and three paper clippings from "El Mundo" which had been previously presented in the discussion of the motion to dismiss; that this motion for mistrial was denied and, subsequently, the court proceeded to give certain instructions to the jury in relation to the aforesaid motion; that immediately they proceeded to arraign the defendant and the trial was continued for the next day; that upon resuming the session on Friday, April 17, counsel for the defense presented a second motion for mistrial [2] and presented a copy of the newspaper "El Imparcial" corresponding to the 17th day, and the District Attorney offered oral evidence; that said motion was denied and when the jury returned to the courtroom, the court instructed them in relation to this motion; that the defense did not state its theory of the case, but presented documentary and oral evidence as well as evidence of rebuttal; that during the entire trial the defendant had the services of an interpreter, who on various occasions prepared translations of documents offered and admitted in evidence; that the trial lasted until April 29; that the defendant was assisted by his attorneys, Ortiz del Rivero, Franco García, and Abréu Castillo, in the act of pronouncement of sentence; that the defendant appealed timely to the Supreme Court and that to perfect his petition one of his attorneys requested a partial transcript of evidence about the incidents related to the impaneling of the jury; that in the proceeding for appeal before this Court the defendant has always been represented by attorneys, first by Mr. Raúl Feliciano, and then by Mr. José Torres

[2] It seems convenient to point out that for the purposes of the appeal, the transcript related to these two motions for mistrial and especially, the instructions which the judge transmitted to the jury after deciding them should be sent up to the court.

Ortiz; that at present the appeal is pending awaiting the filing of the briefs of the parties, for which an extension was granted to the appellant, which expires on the 29th of the current month.

At the hearing held before this Court on November 3, 1960, the attorney for the petitioner accepted that the questions raised in the habeas corpus referring to the adverse publicity and the impaneling of the jury had been raised before and decided by the Superior Court, and that the evidence to be offered to establish the facts alleged in the petition would be substantially the same evidence which was attached as part of the record on appeal. Regarding the third ground of the lack of adequate legal assistance he explained that although the defendant was represented by various attorneys, they did not act diligently in order to prevent that the publicity given to the case be prejudicial to the defendant, and in failing to obtain a suspension of the case. As to this last aspect, it was admitted that counsel for the defense timely requested the postponement of the hearing for a term of two years, but that after a conference, they withdrew that petition and they agreed to go into trial some weeks later.

 As a general rule, a writ of habeas corpus shall not be used in substitution of a remedy for appeal, *Irvin v. Doud*, 359 U.S. 394 (1959); *United States v. Hayman*, 342 U.S. 205 (1952); *Sunal v. Large*, 332 U.S. 174 (1946); *Frisbie v. Collins*, 342 U.S. 519 (1952); *Adams v. United States*, 317 U.S. 269 (1942); cf. *Cito v. United States*, 283 F.2d 49 (1960); *Commissioner v. Taylor*, 165 A.2d 390 (1960); *People v. Walker*, 206 N.Y.S.2d 377 (1960).[3] We adopted an identical rule from the realms of our deci-

---

[3] See, also, Sedler, *Habeas Corpus in Pennsylvania After Conviction*, 20 U. Pitt. L. Rev. 652 (1959); *The Use of Habeas Corpus for Collateral Attacks on Criminal Judgments*, 36 Cal. L. Rev. 420 (1958); *Habeas Corpus—Exhaustion of Remedies Held to Require Timely Appeal*, 97 U. Pa. L. Rev. 285 (1948); cf. *Habeas Corpus—Use as a Remedy Where the Appeal Process Has Been Exhausted*, 46 Mich. L. Rev. 570 (1948).

sions, *Ex parte Mauleón*, 4 P.R.R. 119, 123 (1903); *Ex parte Bird*, 5 P.R.R. 241 (1904); *Ex parte Díaz*, 7 P.R.R. 153 (1904); *Ex parte Cintrón*, 5 P.R.R. 87 (1904); *Ex parte Rosa*, 8 P.R.R. 125 (1905), and since then we have adhered to it consistently, *Ex parte Dessús*, 11 P.R.R. 369 (1906); *Ex parte Lebrón*, 16 P.R.R. 629 (1910); *People* v. *Burgos*, 18 P.R.R. 72 (1912); *Ex parte Sánchez*, 18 P.R.R. 175 (1912); *Ex parte Huertas et al.*, 22 P.R.R. 489 (1915). Nevertheless, when exceptional circumstances exist, a writ has been issued irrespective of the fact that there is an appeal pending. *Sunal* v. *Large, supra; Valentín* v. *Torres, Warden*, 80 P.R.R. 450 (1958); *Ex parte Hernández*, 54 P.R.R. 396 (1939). *Cf. Brown* v. *Allen*, 344 U.S. 443 (1953). The existence of these special circumstances is a question to be determined after having considered the facts involved in each case. *Frisbie* v. *Collins*, 342 U.S. 519 (1952). Even when these special circumstances exist, discretion shall not be exercised if the questions can be raised on appeal. *Larson* v. *United States*, 275 F.2d 673 (5th Cir. 1960); *Brown* v. *Allen*, 344 U.S. 443 (1953). In *People* v. *Burgos*, 18 P.R.R. 72 (1912), we decided that if an accused asserts that he has been twice put in jeopardy and the court heard the evidence thereon and overruled it, a writ of habeas corpus cannot be issued to review this ruling, for in such cases the law grants the "ample remedy of appeal." It has been likewise held in *Ex parte Huertas et al.*, 22 P.R.R. 489 (1915). See note in 8 A.L.R.2d 285 and *Ex parte Nielsen*, 131 U.S. 176 (1888), *cf. Fournier* v. *González*, 269 F.2d 26 (1959).

▮▮ The normal and ordinary procedure to review a judgment of conviction is by way of an appeal, and this course of action should be pursued, unless exceptional circumstances exist. These circumstances do not concur in the present case since the defendant has available and at his disposal the remedy of appeal and the questions which

he raised in his petition may all be considered in the appeal which is pending before this Court.[4] In order to verify this conclusion it is sufficient to examine the records which have been filed in order to perfect the appeal taken by the petitioner. We wish to state clearly that the manner in which we have disposed of the petition for habeas corpus does not prejudice the merits of the questions raised in any manner whatsoever.

The conclusion we have reached regarding the impropriety of the issuance of the writ sought makes it unnecessary to consider the second question mentioned in the text of the opinion.

For the reasons stated, our judgment of September 15, 1960 denying the petition for a writ of habeas corpus is hereby reinstated.

---

[4] In relation to the collateral attack against a judgment of conviction on the ground of adverse publicity in the case, see, *Larson* v. *United States*, 275 F.2d 673 (5th Cir. 1960); *Wingo* v. *United States*, 244 F.2d 800 (6th Cir. 1957); *Briggs* v. *United States*, 221 F.2d 636 (6th Cir. 1955); *Kroggman* v. *United States*, 225 F.2d 220, 228 (6th Cir. 1955); *United States* v. *Rosenberg*, 200 F.2d 666 (2d Cir. 1952), *cert. denied*, 345 U.S. 965; *cf. Fournier* v. *People of Puerto Rico*, 281 F.2d 888 (1960). See, also, regarding the propriety of the habeas corpus proceeding to challenge a sentence for irregularities committed in the impaneling of a jury, *Ex parte Harding*, 120 U.S. 782 (1887); *Kaizo* v. *Henry*, 211 U.S. 146 (1908); *Daniels et al.* v. *Allen*, 192 F.2d 763 (4th Cir. 1951).