**J. Paul SCOTT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 1451.**

United States District Court
E. D. Kentucky,
at Lexington.

Dec. 6, 1961.

J. Paul Scott, petitioner, pro se.

Bernard T. Moynahan, Jr., U. S. Atty., N. Mitchell Meade, Asst. U. S. Atty., Lexington, Ky., for respondent.

HIRAM CHURCH FORD, Chief Judge.

After having been unsuccessful in an effort to secure relief under 28 U.S.C.A. § 2255 (Scott v. United States, decided June 30, 1961, 292 F.2d 49, 6 Cir.) the Petitioner J. Paul Scott here seeks the same type of relief upon other grounds by resorting to a motion for arrest of judgment under Rule 34 of the Federal Rules of Criminal Procedure, 18 U.S.C. A.

After the lapse of more than four years since the determination of

Petitioner's guilt under the indictment in question, he now seeks vacation of the judgment on the ground that the charges set out in the indictment are insufficient to constitute a crime under 18 U.S.C.A. § 2113(a). Rule 34 provides: "The motion in arrest of judgment shall be made within 5 days after determination of guilt or within such further time as the court may fix during the 5-day period". Upon Petitioner's plea of guilty to both counts set out in the challenged indictment, he was convicted on January 31, 1957, and his present motion was not filed until September 22, 1961. It is not claimed that the Court, during the 5-day period, granted further time for the filing of the motion to arrest judgment. The present motion to arrest judgment is clearly unauthorized and of no effect. However, since under section 2255 such relief may be properly sought at any time, the case may be treated as a motion to vacate the judgment under section 2255. Marteney v. United States, 216 F.2d 760, 762, 10 Cir.

Only questions of law are presented and upon such questions the parties have filed briefs.

■ An examination of the challenged indictment discloses that by the first count it is charged that the defendant, together with others named as his co-defendants, did unlawfully conspire to commit an offense against the United States, to-wit, to unlawfully and by force enter the Farmers and Traders Bank, Campton, Kentucky, with intent to commit larceny therein; said bank being duly and legally authorized and chartered under the laws of the State of Kentucky, the deposits of which were insured by the Federal Deposit Insurance Corporation under Certificate No. 288, and for the purpose of carrying out said conspiracy, said defendants committed certain overt acts therein set out. The second count

of the indictment charges that defendant and his co-defendants therein named did on or about the 6th day of January 1957 in this district unlawfully and by force enter the above named bank with intent to commit larceny therein. The indictment sufficiently charges the crimes set out in 18 U.S.C.A. § 371 and § 2113(a). Petitioner's contention that the indictment is defective seems entirely without merit. Under the statute the intent to commit any larceny in the Bank is the decisive fact. Colquette v. United States, 216 F.2d 591, 7 Cir.; Morneau v. United States, 181 F.2d 642, 8 Cir.

■ The indictment contains the elements of the offense intended to be charged and sufficiently apprised the defendant of what he must be prepared to meet. In case any other proceedings were taken against him for a similar offense he would be enabled to plead former conviction. By no reasonable interpretation could the indictment be properly construed as charging any other crime than that defined by the statute. Such is the true test of the sufficiency of the indictment and in this case the test is met. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861.

■ Moreover, "In any event, appellant's criticism of the wording of the indictment was a matter to be tested by appeal, not by a motion to vacate judgment." Dunn v. United States, 234 F.2d 219, 221, (6 Cir.) cert. denied 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90. Numerous cases to the same effect are cited in the Dunn case and in Judge Shelbourne's opinion in Stegall v. United States, 153 F.Supp. 844, 847, (W.D.Ky.).

For the reasons indicated, the motion of the Petitioner to arrest judgment and to vacate the sentences imposed under count 1 and count 2 of the indictment should be and is denied.