George ARMSTEAD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20403.

United States Court of Appeals Fifth Circuit.

June 19, 1963.

726

George Armstead, in pro. per.

Peter E. Duffy, Asst. U. S. Atty., New Orleans, La., Louis C. La Cour, U. S. Atty., for appellee.

Before HUTCHESON, GEWIN, and BELL, Circuit Judges.

PER CURIAM.

Appellant was tried to a jury and convicted of smuggling marihuana into the United States in violation of Title 21 U.S.C.A. § 176a. He was sentenced to a term of seven years imprisonment. He was represented by counsel of his own choice and did not appeal from the judgment of conviction.

His motion under the authority of Title 28 U.S.C.A. § 2255 to vacate the conviction and sentence was denied by the District Court without a hearing. The asserted basis for the motion was conviction upon evidence seized as the result of an unlawful search, and because the government failed to prove every essential element charged in the indictment. In addition, appellant complains here of the denial of his motion by the District Court without a hearing.

Appellant made no effort to suppress the evidence allegedly seized as a result of an unlawful search either prior to or during his trial, and may not now collaterally attack the judgment of conviction on this ground. United States v. Zavada, 6 Cir., 1961, 291 F.2d 189; White v. United States, 1956, 98 U.S. App.D.C. 274, 235 F.2d 221 and Barber v. United States, 10 Cir., 1952, 197 F.2d 815, cert. den., 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665. Nor may he now collaterally attack the judgment by questioning the sufficiency of the evidence with respect to whether or not the government proved the essential elements charged in the indictment. McCreary v. United States, 5 Cir., 1957, 249 F.2d 433; and Arthur v. United States, 5 Cir., 1956, 230 F.2d 666.

It follows from this that appellant was not entitled to a hearing on his motion since it raised only questions of law. Lopez v. United States, 5 Cir., 1953, 205 F.2d 452; and Mohler v. United States, 5 Cir., 1951, 189 F.2d 854.

The judgment appealed from is
Affirmed.