443 F.2d 339
 Robert Douglas RAINWATER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 71-1524 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of
 United States Court of Appeals, Fifth Circuit.
 June 9, 1971.
 
 Robert D. Rainwater, pro se.
 Eldon B. Mahon, U.S. Atty., W. E. Smith, Asst. U.S. Atty., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of a motion to vacate the judgment and sentence[1] of a federal prisoner. We affirm.
 
 
 2
 The appellant was convicted by a jury of theft of property brlonging to the United States, in violation of 18 U.S.C. 641. He took no direct appeal, but now collaterally attacks his conviction, contending that the government did not prove his guilt of the charge since no evidence was introduced at his trial to show that the property was actually removed from the interior of the burglarized building.
 
 
 3
 The appellant's conception of the elements of the crime with which he was charged is erroneous. All that is required to consummate the federal offense of theft is the asportation of property belonging to the United States with the intention of converting it to one's own use. Any appreciable change of the location of the property with felonious intent, whether there is actual removal of it from the owner's premises or not, constitutes asportation. See United States v. Brown, 4th Cir. 1961, 285 F.2d 528.
 
 
 4
 Since the appellant's contention lacks merit as a matter of law, the district court was eminently correct in its refusal to review the sufficiency of the evidence against the appellant upon this collateral attack of his conviction. Weaver v. United States, 8th Cir. 1969, 418 F.2d 475; Kelly v. United States, 5th Cir. 1965, 350 F.2d 398; Armstead v. United States, 5th Cir. 1963, 318 F.2d 725.
 
 
 5
 The judgment below is affirmed.
 
 
 
 [1]
 28 U.S.C. 2255