FILED
United States Court of Appeals
Tenth Circuit

September 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CASSIDINE MCDONALD,

      Defendant - Appellant.

No. 15-2214
(D.C. Nos. 1:15-CV-00791-MV-WPL and
1:11-CR-01075-MV-1)
(D. N.M.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY** [*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

    Defendant Cassidine McDonald, a federal prisoner proceeding pro se, moved for

relief under 28 U.S.C. § 2255 more than one year after his conviction became final.  The

United States District Court for the District of New Mexico dismissed his motion as time-

barred under § 2255(f).  Defendant now requests a certificate of appealability (COA)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

from this court to appeal the dismissal.[1]  *See* 28 U.S.C. § 2253(c)(1)(B).  We deny his request and dismiss the appeal.

Defendant pleaded guilty to three counts of aggravated sexual abuse in Indian country.  *See* 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(C).  On May 25, 2012, the United States District Court for the District of New Mexico sentenced him to 15 years' imprisonment.  He did not appeal.  He filed his § 2255 motion on September 8, 2015, alleging that newly discovered evidence shows that the statute under which he was convicted, the Sexual Abuse Act of 1986, Pub. L. No. 99–646, § 87, 100 Stat. 3592, 3620–24 (codified at 18 U.S.C. § 2241), is unconstitutional because of procedural errors by Congress and the President.

## I.  DISCUSSION

A COA is available "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the prisoner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

---

[1] Although Defendant's brief does not request a COA, we treat his notice of appeal as such a request.  *See* Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."); *United States v. Gordon*, 172 F.3d 753, 753–54 (10th Cir. 1999) ("Although Defendant did not renew his request for a COA in this court, we construe his notice of appeal as such a request.").

Although the district court dismissed Defendant's § 2255 motion as untimely, we deny a COA on the ground that his claim is undebatably meritless. He first contends that the Sexual Abuse Act is unconstitutional because the President could not sign the statute into law after Congress had adjourned *sine die*. He relies on Article I, section 7, paragraph 2 of the Constitution, which states, in pertinent part, "If any Bill shall not be returned by the President within ten Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the Congress by their Adjournment prevent its Return, in which Case it shall not be a Law." But the Supreme Court has rejected Defendant's reading. *See Edwards v. United States*, 286 U.S. 482, 492 (1932) ("There is nothing in the words of the Constitution which prohibits the President from approving bills, within the time limited for his action, because the Congress has adjourned . . . ."). It reasoned that the above-quoted language "is apposite to bills that are not signed, not to those that are signed," and that the Constitution does not require the President to return signed bills. *Id.* The Court concluded that "[n]o possible reason . . . appears for a construction of the Constitution which would cut down the opportunity of the President to examine and approve bills merely because the Congress has adjourned." *Id.* at 493.

Defendant also argues that the law is unconstitutional because examination and enrollment by congressional leaders and presentment to the President occurred when Congress was not in session. Relying on the same constitutional provision, he points to two Supreme Court cases—*Edwards* and *La Abra Silver Min. Co. v. United States*, 175 U.S. 423 (1899)—which, he argues, suggest presentment must occur while Congress is

3

sitting, and to a Supreme Court decision that discussed the signing of a bill by congressional leaders "in open session," *see Marshall Field & Co. v. Clark*, 143 U.S. 649, 672 (1892). But these opinions do not support his argument. Although in *La Abra*, 175 U.S. at 455, the Court said that a bill that was "presented to the President while Congress was sitting" would become law if the President signed it within ten days after presentment, the issue before the Court was only whether the President could effectively sign a bill when Congress was in recess. Since Congress *was* in session when the bill was presented to the President, the Court had no need to opine on whether presentment could occur after recess or adjournment. Likewise, when *Marshall Field*, 143 U.S. at 672, discussed the signing of a bill by congressional leaders "in open session," the Court was not addressing the procedure under which bills are presented. Rather, it was deciding whether a court may look behind attestations by the President and the leaders of the two houses of Congress to determine whether the bill "was or was not passed by congress." *Id.* at 670. Even less supportive is *Edwards*, 286 U.S. at 490, which said that not every legislative function (such as the President's signing a bill) need "be performed only while Congress is in session."

Finally, Defendant relies on a variety of nonjudicial sources discussing congressional procedures: a memo from the former Bureau of Prisons Director Harley Lappin (regarding the validity of a particular voice vote); the *Hinds' Precedents of 1907* (stating a proposition rejected by *Edwards)*; Thomas Jefferson's *Manual of Parliamentary  Practice* (regarding voting to adjourn); and memos prepared by the

4

Attorney General's Office of Legal Counsel (relating to the effectiveness of subpoenas after Congress has adjourned). None support Defendant's arguments here.

We reject Defendant's contention that congressional leaders' examination, enrollment, and presentment must be performed while Congress is in session. The Ninth Circuit has rejected the same argument, saying, "[T]he ministerial acts of examination, enrollment, and presentment may unquestionably be delegated by Congress to its leadership, or to a standing committee, and . . . these delegated acts may be performed even when Congress stands adjourned *sine die*." *Mester Mfg. Co. v. I.N.S.*, 879 F.2d 561, 571 (9th Cir. 1989). The court relied on an identical ruling by the Seventh Circuit. *See United States v. Kapsalis*, 214 F.2d 677, 680 (7th Cir. 1954) ("Surely no one would contend that such action could not be delegated by the Congress to the presiding officers of the two Houses and that the examination and authentication could not properly be done after the Congress had adjourned."); *see also Lopez v. United States*, 217 F.2d 643, 643–44 (5th Cir. 1954) (following *Kapsalis*). *Mester* explained, "In the absence of express constitutional direction, we defer to the reasonable procedures Congress has ordained for its internal business." 879 F.2d at 571. Such deference is supported by Article I, section 5, paragraph 2 of the Constitution, which provides, in pertinent part, "Each House may determine the Rules of its Proceedings." And it also finds support in *Marshall Field*, where the Court deferred to Congress's authentication that an enrolled bill was the version actually voted on. *See* 143 U.S. at 672 ("The respect due to coequal and independent departments requires the judicial department . . . to accept, as having passed

5

congress, all bills authenticated in the manner stated . . . .").  We are persuaded by our fellow circuits and adopt the same view.

## II.    CONCLUSION

We DENY Defendant's request for a COA and his motion to proceed *in forma pauperis* and DISMISS the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge