**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John CAMPBELL, Defendant-Appellant.**

**No. 12903.**

United States Court of Appeals
Seventh Circuit.

Oct. 14, 1960.

**872**

Julius Lucius Echeles, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Defendant John Campbell was charged with a violation of Title 21, U.S.C.A. § 174. It was alleged that he received, concealed and facilitated the importation of a narcotic drug previously imported into the United States contrary to law, knowing the same to have been unlawfully imported.

Following a trial by jury, defendant was found guilty and sentenced to a term of fifteen years and fined in the sum of $10,000 and costs.

Defendant's motions for mistrial, for acquittal and in arrest of judgment were denied. This appeal followed.

Defendant charges error on the part of the trial court in limiting his cross-examination and direct examination of certain witnesses and further charges prejudicial misconduct on the part of Government counsel in the examination of certain witnesses, including defendant.

Defendant does not challenge the sufficiency of the evidence to support the conviction. He does not now rely on the defense that he was "framed," that question having been resolved against him by the jury. There is no claim of entrapment.

A government witness, Endriz, a chemist, testified on direct examination that certain Government exhibits contained a high concentration of heroin of approximately 22%. Other than stating his duties and professional qualifications, his direct examination was limited to establishing that fact. Upon cross-examination, Endriz was asked:

"Q. Mr. Endriz, during this time you observed the contents of the 14 packages of the diacetyl morphine commonly known as heroin, could you make any determination or is there any test by which you could determine that the narcotics in question was [sic] illegally imported into the United States? A. No, sir."

Following the negative answer to this question, the trial court sustained a Government objection. No motion was made thereafter to strike the answer. The court then sustained Government objections to subsequent questions asking whether large quantities of opium are legally imported into the United States; whether pharmaceutical houses in the United States import large quantities of opium under government license; and whether there are pharmaceutical houses in the United States that manufacture morphine from opium imported into the United States. Subsequently, defendant was permitted to make Endriz his own witness, and he testified that he could not identify heroin by country of origin; that the opium poppy was introduced into the United States; that morphine used for medical purposes is obtained from opium; and that opium may come into the United States legally.

■ Defendant charges that he was thus prejudicially precluded from rebutting the statutory presumption of unlaw-

ful possession of the narcotic drug imposed under 21 U.S.C.A. § 174.[1]

Defendant's claim of prejudicial error on this limitation is wholly without merit. The cross-examination was not within the scope of the direct examination. The witness testified he could not establish the country of origin of the narcotic drug by any test. The witness was a chemical expert, and the question of the legal importation of opium is not one of chemistry. Defendant later took the stand and attempted to explain his possession of the heroin. It is apparent that the jury did not believe him. We have examined the instructions given to the jury by the trial court; they fully and correctly cover the questions of possession and illegal importation.

The presumption statute has been construed by the courts in numerous cases. See, Roviaro v. United States, 1957, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639; United States v. White, 7 Cir., 1956, 228 F.2d 832; United States v. Chiarelli, 7 Cir., 1952, 192 F.2d 528, certiorari denied 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683; and United States v. Feinberg, 7 Cir., 1941, 123 F.2d 425. It requires no further elaboration here.

We hold that defendant was not prejudiced in his right to rebut the statutory presumption of unlawful possession by the rulings in question and that the trial court did not err in so ruling.

Defendant complains of the limitation by the trial court of his cross-examination of the Government's witness Jordan. We have examined the record in this respect and find no prejudicial error. The questions to which objections were sustained were clearly not within the scope of the direct examination. Further, our examination of the record reveals that defendant subsequently called Jordan as his own witness and was permitted to inquire into the same subject matter which he sought to go into upon the earlier cross-examination. Limitation of the cross-examination of Jordan resulted in no harm to defendant.

Finally, defendant asserts that his constitutional right to a fair trial was violated by alleged prejudicial conduct on the part of Government counsel in questioning defendant and witnesses Watley and Bailey. This charge does not find support in the record.

On direct examination defendant testified that he was convicted of a violation of the narcotic laws in 1956 in the United States District Court in Chicago, received a sentence of three and one-half years in the penitentiary and was on parole from that sentence at the time of his arrest. He testified that by prearrangement he delivered a brown package to one Baker on the day of his arrest, not knowing its contents. (It was established that this package contained the narcotics in question in the instant case.) On cross-examination defendant testified he had known Baker five or six months prior thereto. He was then asked, "Now during this six months that you knew Baker, you were not selling narcotics, were you?", and answered, "No, I was not." Defendant's objection to this question was properly overruled. It was within the scope of the direct examination in view of his admitted prior conviction and pending parole and went to the circumstances under which defendant claimed he was "framed."

We have examined the record in detail with reference to questions asked of witnesses Watley and Bailey and find no error. There was no abuse of discretion on the part of the trial court in denying a mistrial. The rulings on the evidence were correct, and there was no prejudicial misconduct on the part of Government counsel.

The entire record amply demonstrates to our satisfaction that defendant received a fair trial and that there was

1. "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

overwhelming evidence of his guilt. Defendant's obvious effort to find reversible error stretches judicial credulity too far.

The judgment of conviction is

Affirmed.