**Vairee McCARTNEY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 13705.**

United States Court of Appeals Seventh Circuit.

Jan. 11, 1963.

Roy E. Hofer, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee. S. John Templeton, Jr., Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Petitioner is in federal custody. This is an appeal from an order of the District Court denying petitioner's motion under 28 U.S.C. § 2255, to vacate and set aside a sentence. The principal issue involved is the denial by the District Court of petitioner's motion to appoint counsel to represent him in the Section 2255 proceeding in the District Court.

Petitioner was indicted on six counts charging sales of narcotic drugs, and receiving, concealing, buying or facilitating the transportation and concealment after

importation, of narcotic drugs in violation of 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. A jury found the petitioner guilty on all six counts. Upon appeal to this Court, the judgment of conviction was affirmed, 264 F.2d 628. Certiorari was denied, 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed. 2d 83 (1959).

On February 19, 1962, petitioner, without the assistance of counsel, filed in the United States District Court for the Northern District of Illinois, a motion to vacate and set aside his 20-year sentence; a motion to proceed *in forma pauperis;* a motion for the appointment of counsel, and a petition for a writ of *habeas corpus ad testificandum.* The District Judge who had presided at petitioner's trial on the criminal charges hereinbefore described, denied the several motions except that the motion to proceed *in forma pauperis* was granted. The District Court order contained the following statement: "Petitioner's motion requesting appointment of counsel is *denied,* it being found upon review of the petition and the various exhibits attached thereto that there is no necessity to appoint counsel or proceed to hearing."

Court-appointed counsel on this appeal argues that petitioner is an indigent prisoner, uneducated in legal matters, and requests this Court to remand the case to the District Court with instructions for it to appoint counsel for petitioner and to grant leave to petitioner to file a supplemental petition, prepared by court-appointed counsel, for relief under Section 2255.

■■■ It is well established that a petitioner in a Section 2255 proceeding, has no constitutional right under the Sixth Amendment to representation by counsel. United States v. Keller, 3 Cir., 284 F.2d 800, 801; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857. The provisions of the Sixth Amendment regarding the right to counsel "in all criminal prosecutions" is not applicable to movants under 28 U.S.C. § 2255. We pointed out in United States v. Caufield, 7 Cir., 207 F.2d 278, that proceedings under Section 2255 are not a part of an original

criminal action but are an independent and collateral inquiry into the validity of the conviction.

■ Some criticism has recently been suggested to the classification of Section 2255 as a civil proceeding as distinguished from a criminal proceeding. Dillon v. United States, 9 Cir., 307 F.2d 445, 446, footnote 3. Whether or not we draw the fine distinction there indicated, it is firmly established that a request for counsel in proceedings under Section 2255 is addressed to the sound discretion of the court. Richardson v. United States, 10 Cir., 199 F.2d 333; Crowe v. United States, 4 Cir., 175 F.2d 799, 801.

■ In the case at bar, petitioner's counsel argues that his client could not, without the assistance of counsel, prepare a petition for relief under Section 2255 because of his lack of legal knowledge as to the proper allegations to make. In this connection, it is of interest to note that the motion which petitioner did file in this case was eleven pages in length, with various claims clearly set out, and that twenty-six decisions of federal courts were cited on various points.

The situation confronting us in the instant case is different from that usually presented in a Section 2255 proceeding. Here, there was an appeal to this Court from the petitioner's conviction. Counsel for McCartney vigorously urged upon us a number of points in seeking a reversal. In our opinion, we noted eight contested issues which were presented and which we considered. After our affirmance of the judgment of conviction, diligent counsel for McCartney petitioned the United States Supreme Court for certiorari. This petition was denied.

■ The Courts have been unanimous in holding that Section 2255 should not be used as a substitute for a direct appeal. There is even more reason why it should not be used as a substitute for a second appeal.

Under the circumstances of this case, there was no abuse of discretion in the District Court's refusal to appoint coun-

sel for petitioner to represent him in this Section 2255 proceeding.

We wish to thank Roy E. Hofer, Esq. of the Chicago Bar for his splendid representation of the petitioner on this appeal. He was diligent in every respect and we are grateful to him.

Affirmed.