**Joseph H. MILANI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 14042.**

United States Court of Appeals Seventh Circuit.

June 20, 1963.

Rehearing Denied Aug. 15, 1963.

---

2. Government's exhibit 53 had been prepared by Tuberson after talking with Anderson, but had not been signed by Anderson.

Richard Calkins, Chicago, Ill., Joseph H. Milani, pro se, for appellant.

Carl W. Feickert, U. S. Atty., Walter D. Williams, Asst. U. S. Atty., E. St. Louis, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Petitioner is presently confined in a federal penitentiary under sentence by the United States District Court for the Eastern District of Illinois, Judge William G. Juergens, presiding.

At this trial, petitioner was represented by able counsel. Neither petitioner nor his then counsel urged or suggested that petitioner was mentally incompetent at the time of the trial.

Thereafter, petitioner filed a motion under 28 U.S.C. § 2255. In the motion he alleged he was mentally incompetent during the trial. He also filed an affidavit that "about December 3, 1952" he was committed "as a mental patient in the Psychiatric Division of the Illinois State Penitentiary, Menard, Illinois."

The District Court denied the motion because the question of petitioner's mental incompetency had not been raised before or at the time of the trial; that the alleged commitment to the Psychiatric Division at Menard was not brought to the attention of the trial court. The District Court pointed out that he had observed petitioner's behavior and his cooperation with his attorney at the trial and believed the petitioner to be mentally competent.

On appeal, we reversed the District Court, 304 F.2d 627. In our opinion we stated, page 628: "We do not hold that the motion entitled petitioner to a hearing as contemplated by Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582 * * *. We do decide that the District Court should order the records of the Menard institution produced in court in aid of petitioner's claim. Upon this step being taken, the District Court may then determine whether or not 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,' and accordingly whether or not a hearing is required. Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)."

Upon remand Judge Juergens not only reviewed the records of the petitioner at the Illinois penitentiary at Menard, but also the records pertaining to the petitioner at Joliet, Statesville Unit, and the records from the Division of Criminology of the State of Illinois.

Judge Juergens carefully examined the progress reports and the classification reports of March 3, 1947 through January 16, 1961 of the psychiatrist and the psychologist, which showed Milani was an emotionally unstable individual —immature personality reactions—without psychosis—not mentally ill—superior intelligence—no need to transfer to Psychiatric Division. The report of December 9, 1952, recited that Milani "was placed within the Psychiatric Division to protect him from other inmates whom he had angered by discussing their parts

in the riot which occurred in the fall of 1952."

At the time of his final discharge from Menard on April 5, 1960, Milani was classified as not mentally ill and not in need of mental treatment.

In spite of the fact that Judge Juergens fully complied with our previous mandate, we have no alternative but to again reverse and remand. As part of the relief asked by petitioner in forma pauperis was his request for the appointment of counsel. The District Court denied this request.

In view of recent Supreme Court cases such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (March 18, 1963) and Sanders v. United States, 83 S.Ct. 1068 (April 29, 1963), it is our view that the District Court should appoint counsel to represent the petitioner. After counsel has had an opportunity to communicate with petitioner and to examine the appropriate records, the District Court should then grant an appropriate hearing. Whether the petitioner is permitted to be present at the hearing before the District Court is up to the sound discretion of that Court. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 is controlling, at least, for the time being. The Supreme Court, in that case said, 368 U.S. at page 495, 82 S.Ct. at page 514: "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner."

This appeal was prosecuted in forma pauperis. Mr. Richard M. Calkins of the Chicago Bar acted as court-appointed counsel for petitioner. Mr. Calkins rendered valuable and outstanding service for which we tender him our thanks.

Reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.