Andrew KAPSALIS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 14594.

United States Court of Appeals
Seventh Circuit.

April 8, 1965.

Andrew Kapsalis, Robert L. Day, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from the United States District Court for the Northern District of Illinois, Eastern Division, denying a motion of petitioner for relief under Section 2255, Title 28 U.S.Code.

On January 7, 1953, petitioner was sentenced to a ten-year term of imprisonment for violation of the federal narcotic laws. On March 11, 1959, petitioner was mandatorily released with 1397 days remaining to be served. On May 20, 1960, a warrant for retaking the prisoner was issued by the United States Board of Parole, directing that petitioner be returned to the Medical Center for Federal Prisoners at Springfield, Missouri. No arrest was made under this warrant for over sixteen months although apparently the place of appellant's residence was well known to the parole authorities. Petitioner finally was arrested under the Parole Board warrant on October 31, 1961. At the time of petitioner's ar-

rest, an agent of the FBI searched his person and found a plastic vial in his pocket containing a green leafy substance. An examination of its contents revealed it to be marijuana.

On November 1, 1961, the day following his arrest, petitioner filed a petition pro se for a writ of habeas corpus in the District Court, alleging his detention was unlawful. The basis for such allegation was an averment that "the warrant was wholly lacking in jurisdiction."

On November 3, 1961, the Government filed its answer to the rule to show cause, denying generally that the warrant was invalid. On November 6, 1961, the attorney who was to represent petitioner in his subsequent trial, filed an appearance. On November 17, 1961, petitioner, through his attorney, filed a "traverse" in which it was alleged that the warrant under which he was arrested was stale and therefore invalid.

While the record before us fails to disclose the reason for the delay in executing the parole violator warrant, it may be noted that the "traverse" hereinbefore mentioned avers that petitioner, at all times between May 20, 1960 and April 1961, made monthly reports to the Parole Office, and at all times during this period, he lived at the address listed in his reports. Furthermore, petitioner averred that he continued to reside at this same address up to and including the date of his arrest.

On November 8, 1961, a complaint was filed alleging the commission of the narcotics offense for which petitioner was later tried. On that same day, a warrant was issued for petitioner's arrest, and petitioner was again arrested on November 22, 1961. On December 14, 1961, an indictment was returned charging petitioner with committing the narcotics offense on October 31, 1961.

After a series of continuances and postponements, the habeas corpus proceeding was assigned to the same judge who was to preside at petitioner's trial. A jury was waived and petitioner was tried by the Court on March 2, 1962.

The record shows that the petition for a writ of habeas corpus was denied after the completion of the trial. On March 16, 1962, after briefs were filed by both sides, the Court found petitioner guilty and committed him for a term of ten years, the sentence to run concurrently with the sentence imposed upon petitioner on January 7, 1953.

At all times during the trial held in March 1962, and through the sentencing, petitioner was represented by Julius Lucius Echeles, Esq. of Chicago, an experienced trial lawyer, who was counsel of petitioner's own choosing.

An appeal was taken to this Court from the judgment of conviction. We affirmed. United States v. Kapsalis, 7 Cir., 313 F.2d 875. On the appeal, Kapsalis was represented by court-appointed counsel. No appeal was taken from the denial of the petition for a writ of habeas corpus. We do not know whether court-appointed counsel knew of the habeas corpus proceedings as they were included in an entirely separate record.

Thereafter, Kapsalis petitioned for a writ of certiorari which was denied. 374 U.S. 856, 83 S.Ct. 1911, 10 L.Ed.2d 1077 (1963)

On December 10, 1963, petitioner, pro se, filed a petition under Section 2255. He alleged that the judgment of conviction was invalid by reason of 1) illegal search and seizure; 2) the petitioner was not taken promptly before a United States Commissioner; 3) the Court erred in allowing a waiver of a jury trial, and 4) counsel for petitioner upon the trial was incompetent.

On February 27, 1964, the District Court, after reviewing the pleadings, files and records in the case, denied the petition. A timely appeal was filed and counsel was appointed by this Court to prosecute the appeal.

In petitioner's initial brief in this Court, he raised the following issues:

1) Whether he can secure collateral review under Section 2255 on the issue of illegal search and seizure where he

failed, during the trial, to bring a motion to suppress;

2) Whether petitioner's constitutional right to counsel was denied because of the alleged ineffective assistance of counsel of his own choice, and

3) Whether failure to appoint counsel in the District Court was error requiring remand of the cause for further proceedings.

After the initial brief was filed, petitioner's counsel became aware of the habeas corpus petition previously described, and filed a supplemental brief. Counsel now contends that the issue is also raised whether the hearing which petitioner received on his petition for a writ of habeas corpus constituted a full and fair hearing on the question of illegal search and seizure, such as would bar collateral attack under Sinks v. United States, 7 Cir., 318 F.2d 436.

Petitioner's claim as to the alleged incompetence of his counsel at the trial is based almost entirely on the fact that his counsel did not move to suppress evidence, particularly, a vial of marijuana which was seized. Petitioner's counsel had wide experience in the trial of criminal cases, including those where the defendant was charged with violation of the federal narcotic laws. Apparently, it was his strategy to base the defense upon the operation and effect of the statutory presumption contained in 21 U.S.C. § 176a.

■ This Court consistently has held that the issue of illegal search and seizure is not cognizable under Section 2255. Thomas v. United States, 308 F.2d 369 (1962); Pearson v. United States, 305 F.2d 34 (1962); United States v. Scales 249 F.2d 368 (1957).

In the more recent case of Sinks v. United States, supra, adhering to our previous decisions considered in the light of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, we said that where there had been a full and fair evidentiary hearing on a motion to suppress the question of search and seizure was not reviewable under Section 2255.

■ In the instant appeal, petitioner says that where there was no motion to suppress, the effect is the same as though no adequate hearing had been held. We disagree! In Armstead v. United States, 5 Cir., 318 F.2d 725, page 726 (1963), the Court held: "Appellant made no effort to suppress the evidence allegedly seized as a result of an unlawful search either prior to or during his trial, and may not now collaterally attack the judgment of conviction on this ground." We think the Armstead case was correctly decided.

■ If the failure to move for suppression of evidence operates as a waiver which precludes relief on direct appeal, it is our view that such failure forecloses relief by way of collateral attack under Section 2255.

Petitioner apparently recognizes that the term "effective" assistance of counsel does not necessarily mean the same as "successful," nor refers to a standard of skill. See Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 789–790. In fact, petitioner concedes that his chosen counsel was "generally considered one of the most skilled and experienced criminal defense attorneys in practice." But petitioner does emphasize what he terms to be counsel's "disloyalty, faithlessness and inattentiveness."

■ Simply because counsel's trial strategy was unsuccessful or backfired, does not indicate in any way that petitioner was deprived of effective assistance of counsel. No such claim was made upon the direct appeal to this Court from the conviction although petitioner was then represented by a competent attorney appointed by this Court.

Another consideration is that petitioner had claimed he never had possession of the vial of marijuana, and suggested it may have been left behind by a tenant who had been recently evicted. Counsel may well have thought it inadvisable to seek suppression of the evidence and also to contend before the same judge, that his client had never had the marijuana in his possession.

Where, as here, the motion, findings and records of the case conclusively showed petitioner was not entitled to any relief under Section 2255, we hold there was no error in the refusal of the District Court to appoint counsel for the petitioner. This was a matter that was in the sound discretion of the District Court. Sanders v. United States, 373 U.S. 1, 21, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). We do not think that Campbell v. United States, 7 Cir., 318 F.2d 874, requires us to hold differently.

The order of the District Court appealed from is

Affirmed.