**Carl George SMITH, Jr., Petitioner-appellant,**

v.

**UNITED STATES of America, Respondent-appellee.**

**No. 14942.**

United States Court of Appeals Seventh Circuit.

June 16, 1965.

Carl George Smith, Jr., in pro. per.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for respondent-appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner, Carl George Smith, Jr., is serving a term of 25 years for violation of Title 18 U.S.C. § 2113(d), bank robbery, after conviction on his plea of guilty. At the time of his plea, he was represented by competent counsel appointed to represent him pursuant to his request made when he first appeared for arraignment. He was repeatedly asked whether his plea was voluntary and whether it was made with full understanding of its significance.

In August, 1963, petitioner filed a motion under Title 28, U.S.C. § 2255, to vacate his sentence on the ground that during interrogation, while he was allegedly being denied advice of counsel, he

had made a confession which would have been inadmissible in evidence at his trial. At his subsequent arraignment, when he was represented by counsel, he at first pleaded not guilty and not guilty by reason of insanity. After determination of his mental competence to stand trial, he entered a plea of guilty on March 3, 1956. His motion to vacate sentence was denied.

Petitioner has now filed another similar motion on the same grounds urging relief on the basis of the decision in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. This motion was also denied and petitioner has appealed to this Court.

In Escobedo, the defendant was convicted after a trial in which the inadmissible statements were nevertheless admitted in evidence. Petitioner was not convicted after a trial but on his own plea of guilty. The fact that, prior to his voluntary plea of guilty, he had made an alleged confession which would not have been admissible and which was never admitted into evidence, presented no basis for vacating his sentence. United States v. Kniess, 7 Cir., 1959, 264 F.2d 353, 356. See also United States v. French, 7 Cir., 1960, 274 F.2d 297, 298; United States ex rel. Staples v. Pate, 7 Cir., 1964, 332 F.2d 531, 533; Harris v. United States, 9 Cir., 1964, 338 F.2d 75, 80.

The decision of the District Court is affirmed.

Affirmed.