George **MITCHELL**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 15147.

United States Court of Appeals Seventh Circuit.

April 19, 1966.

---

George Mitchell, Arthur W. Brown, Jr., Roger B. Harris, Chicago, Ill., for appellant.

James B. Brennan, U. S. Atty., Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Mitchell has appealed from an order denying, without a hearing, his § 2255 motion, 28 U.S.C. § 2255, to set aside a narcotics conviction.

He was convicted in a jury trial and sentenced in July, 1962; this court affirmed, United States v. Mitchell, 319 F. 2d 402 (7th Cir. 1963), and no petition for certiorari was filed in the Supreme Court. This § 2255 motion was filed, and he requested appointment of counsel, on October 2, 1964. He was allowed to proceed *in forma pauperis*. The district court, that same day, directed the government to file a response to the petition. Subsequently the government filed a memorandum brief in opposition to the motion and petitioner filed a "Traverse" to the response. He again moved for appointment of counsel and filed a petition for a writ of *habeas corpus ad testificandum*.

On February 5, 1965, the district court, in its "Opinion and Order" denying Mitchell's motion, stated:

> We have carefully reviewed the petition, the record and the transcript of the trial and are satisfied that none of the grounds asserted and the facts alleged raise an issue of fact requiring a plenary hearing. We are further satisfied that the claims made by the petitioner are wholly without merit and the motion must be denied.

Petitioner contends that the order should be reversed and the case remanded to the district court with orders to appoint counsel for him and to hold a hearing on his motion.

## APPOINTMENT OF COUNSEL

Petitioner's first contention is that the court erred in failing to grant his application for appointment of counsel, and is premised on the argument that counsel should be appointed for all indigent movants in § 2255 proceedings except in the "extremely unusual circumstances where the motion is wholly without merit and utterly frivolous." Petitioner states that this court, in Campbell v. United States, 318 F.2d 874 (7th Cir. 1963), and Milani v. United States, 319 F.2d 441 (7th Cir. 1963), abandoned the view that appointment of counsel in these proceedings rests within the sound discretion of the district court. This is an incorrect interpretation of the law of this circuit.

■ Under the early influence of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), this court in *Campbell* and *Milani,* on the particular facts in each, decided counsel should have been appointed in those § 2255 proceedings. Despite language in those cases indicating a possible departure from the established rule that a request for counsel in § 2255 proceedings is "addressed to the sound discretion of the court," McCartney v. United States, 311 F.2d 475, 476 (7th Cir.), cert. denied, 374 U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068 (1963), this court did not intend the broad rule contended for by Mitchell. This is shown by Kapsalis v. United States, 345 F.2d 392, 395 (7th Cir. 1965) —appointment of counsel in these proceedings is a matter for the sound discretion of the district court.[1]

■ Petitioner argues that the court's order that the government file a response to his petition required that the court appoint counsel. We find this argument without merit. We cannot see the implication, as petitioner does, that the court thus determined that the motion was not without merit—this is especially so since the court subsequently found that the asserted grounds of relief were "wholly without merit." There was no abuse of discretion in denial of the request for counsel.

## HEARING ON THE MOTION

■ Petitioner's last contention is similar, i. e., that the court erred in failing to grant the hearing contemplated by the statute since it determined, by ordering a response by the government to the petition, that the motion, files and records did not show conclusively that the petitioner was entitled to no relief.[2] We cannot assume, as petitioner argues, that the district court in its policy of requiring the government to respond, thereby deter-

---

1. Of the three judge panel in *Kapsalis,* two of those judges were on the panels in *Milani* and *McCartney,* and the other concurred in *Campbell.* Two district courts in this circuit, i. e., Cerniglia v. United States, 230 F.Supp. 932, 936 (N.D. Ill.1964), and Farrar v. United States, 233 F.Supp. 264, 268 (W.D.Wis.1964), have concluded that counsel need not be appointed in those cases where the motion is completely groundless or utterly and hopelessly frivolous; in these cases, of course, there can be no question of an abuse of discretion.

2. The statute, 28 U.S.C. § 2255, provides, in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

mines that the motion, files and records do not show that he is conclusively entitled to no relief. To so assume would not only be contrary to the express determination of the court that the petition was "wholly without merit," but it would also require a hearing in every § 2255 proceeding where the court, as a matter of policy, requests the government to file a response to help the court determine that very point, i. e., whether there is an issue upon which a hearing should be held. We hold, upon our review of the record, that the district court did not err in failing to grant a hearing upon petitioner's motion.

 There remains one point which must be considered. Mitchell's *pro se* petition alleged, as one of his seven grounds for relief, that the government had refused to issue a subpoena for a witness, one Tommy Rush, in his behalf. The district court fully considered and met this point. However, in his Traverse to the government's response, petitioner elaborated upon this claim by stating that his sixth amendment rights were violated in that the United States Attorney "misled defense counsel to believe that Tommy Rush could not be found." The government did not reply to the Traverse, and the district court presumably did not decide that what was alleged was a fact; neither does it appear that the court took the fact as admitted for want of a reply and decided as a matter of law that there was no sixth amendment violation.[3]

Mitchell's brief in this court does not, in either the "Summary of Argument" or statement of "Contested Issues," refer to the effect of this sixth amendment allegation in this case, and does not make an issue of it. However, near the end of his brief the following sentence appears: "Further, certain issues of fact were raised by Petitioner's Traverse (R. 40) which were never rebutted and could only properly be determined after a plenary hearing." [4] The record reference in the quoted sentence is to that page of his Traverse which states the "misled defense counsel" allegation that we have already quoted. The government's brief does not meet this last point, but refers only to the "contested issues" as presented by petitioner, which we have already considered. On oral argument, this sixth amendment point was not thoroughly presented by the parties, but the government conceded there was "room for argument" on the point, citing Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

 We think that an orderly and just disposition of the petitioner's *pro se* motion is to affirm the order of the district court, but without prejudice to petitioner's right to raise this issue (denial of sixth amendment rights of "confrontation and to obtain witnesses," as stated in the Traverse) in an appropriate petition under 28 U.S.C. § 2255. If such petition be filed, it should allege more than is alleged in the proceeding before us with respect to: the meaning of the term "misled," and details of the misleading; when petitioner obtained knowledge of the alleged misleading; and in what manner the witness would have

---

3. In its Opinion and Order, the court said, concerning this claim by petitioner:

> The petitioner's claim that he ws denied the right to obtain a witness in his own behalf is simply not borne out by the record. Petitioner himself in support of the claim states only that he asked defense counsel to subpoena Tommy Rush (a "special" employee of the Narcotics Bureau) and was informed at the trial by counsel that the Government refused to issue a subpoena. The record shows that at no time, either before the trial, or during the trial,

or on his motion for a new trial, did petitioner request the issuance of a subpoena for Tommy Rush. Apparently petitioner's real complaint is that the Government chose not to call said Tommy Rush as a witness in support of its case but relied solely on the testimony of the Narcotics Agent, Kenneth Maxfield. This the Government had a right to do. There is no requirement that the Government produce every witness to a crime. Cauley v. United States, 9 Cir., 294 F.2d 318.

4. Brief for Petitioner-Appellant, p. 19.

testified if he had been subpoenaed. We must repeat what was said by this court in Davis v. United States, 311 F.2d 495, 496 (7th Cir. 1963), concerning petitions under § 2255: specific facts should be alleged to support the claim; vague conclusional charges are insufficient to raise an issue which demands inquiry; and petitioner must show that he has proof of his allegations beyond his unsupported assertions.

Messrs. Roger B. Harris and Arthur W. Brown, Jr., members of the Chicago Bar, acted as court-appointed counsel for petitioner on this appeal. They have rendered valuable and outstanding service, both on brief and oral argument, for which this court expresses its appreciation.

Affirmed.