Bernard E. LaCLAIR, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15673.

United States Court of Appeals Seventh Circuit.

Jan. 11, 1967.

Jerry P. Belknap, Robert H. Reynolds, Indianapolis, Ind., for appellant.

Alfred Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

LaClair, a federal prisoner, has appealed from a judgment dismissing, without an evidentiary hearing, his fifth collateral attack on his federal conviction and sentence for bank robbery. We affirm.

LaClair is serving a thirty-year sentence imposed in 1954 on conviction of six charges of bank robbery plus a consecutive five-year sentence for attempted escape. He pleaded guilty to all these charges. His first section 2255[1] motion, filed in August, 1959, was based on allegations of a coerced confession, prejudicial publicity and broken promises of his trial counsel. The motion was denied, and this court affirmed. United States v. LaClair, 285 F.2d 696 (7th Cir. 1960), cert. denied, 365 U.S. 854, 81 S.Ct. 820, 5 L.Ed.2d 818 (1961).

LaClair's second motion, filed in August, 1963, alleged collusive arrest, violation of Fed.R.Crim.P. 5(a) after his arrest, invalid guilty pleas and ineffective and incompetent counsel at his trial. The motion was denied. In his third motion, filed in April, 1964, LaClair charged he was incompetent when he pleaded guilty and when sentenced. The motion was denied without prejudice for insufficient allegations of fact.

LaClair's fourth motion alleged that he was denied effective assistance of

1. 28 U.S.C. § 2255 (1964).

counsel at his trial, that he was mentally incompetent prior to and at the time of sentencing, and that his plea was not understandingly made because of his misapprehension of the law. This fourth motion was denied, without hearing, in May, 1965, in an exhaustive opinion. 241 F.Supp. 819 (N.D.Ind.1965). The district court, in its opinion there, rejected the claim of ineffective counsel and found the allegations of mental incompetency (virtually invited by the court in its decision on the third motion) frivolous, "entirely unfounded" and "insufficient in themselves." The district court also concluded that LaClair's misapprehension with respect to the law when he pleaded guilty to some charges was of no consequence in view of the valid conviction and sentence on other counts of the indictment.

This fifth petition now before us was filed in June, 1965, and denied in September, 1965. It is grounded upon the alleged denial of LaClair's Sixth Amendment rights. He alleged that during his interrogation by the police, he asked to consult with counsel, that this request was refused, and that he was not advised of his right to remain silent. LaClair alleged that his subsequent guilty pleas were motivated by his confession in these circumstances and were invalid. The district court found that LaClair's petition was an abuse of the collateral process. On authority of Smith v. United States, 347 F.2d 505 (7th Cir. 1965), and United States ex rel. Boucher v. Reincke, 341 F.2d 977, 980 (2d Cir. 1965), the district court held that LaClair's guilty plea, when represented by counsel, waived any nonjurisdictional defects and defenses and denied the petition.

LaClair's first contention in this court is that his right to due process was violated by the district court's denial of his request for counsel to assist him in preparing his 2255 petition. In support of this broad contention LaClair does not rely solely upon the particular facts here but urges a general rule for adoption in this circuit. He relies upon United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2d Cir. 1964); Dillon v. United States, 307 F.2d 445 (9th Cir. 1962), and this court's decisions in Campbell v. United States, 318 F.2d 874 (7th Cir. 1963), and Milani v. United States, 319 F.2d 441 (7th Cir. 1963).

The courts in both Marshall and Dillon declined to depart from the established rule that the Sixth Amendment does not apply in section 2255 and habeas corpus proceedings, the right claimed in LaClair's petition. Both courts stated that in some cases the due process clause of the Fifth Amendment could require appointment of counsel. Both decisions, however, applied the rule that unless due process requires appointment, the question is for the sound discretion of the district court. The decisions of this court are in accord. McCartney v. United States, 311 F.2d 475 (7th Cir.) cert. denied, 374 U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068 (1963); Kapsalis v. United States, 345 F.2d 392 (7th Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354 (1965); Sweeney v. United States, 353 F.2d 10 (7th Cir. 1965); Mitchell v. United States, 359 F.2d 833 (7th Cir. 1966).

In Mitchell we stated that this court in Campbell and Milani did not abandon the discretionary rule and we rejected Mitchell's broad contention, similar to the one urged here by LaClair. We cited Kapsalis, which was later than Campbell and Milani, where this court said Campbell did not compel abandonment of the discretionary rule. In Sweeney we again declined to accept the broad rule, urged there by the ACLU,[2] that in all collateral attacks upon judgments petitioners have the right to assistance of counsel in preparing and presenting claims.

The Supreme Court has not recognized the broad rule urged by LaClair. In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Court mentioned the discretionary rule

2. The American Civil Liberties Union was appointed amicus curiae in Sweeney.

as a guideline, among others, for deciding collateral proceedings. It merely observed that where a substantial claim is presented requiring a full evidentary hearing "the sentencing court might find it useful to appoint counsel". 373 U.S. at 21, 83 S.Ct. at 1080. In Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), the Court said that where an indigent seeking leave to *appeal* from a *conviction* presents issues for review which are clearly not frivolous the court of appeals should appoint counsel so that the indigent would have equal justice with appellants able to pay.[3] And in Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), where an indigent Iowa prisoner was denied access to the courts for habeas corpus relief (because of a statutory filing fee of four dollars), the Court again spoke of the need of affording equal justice for indigents and those able to pay. But *Sanders* followed both these decisions, and the Court there did not speak of a "right" to counsel in collateral proceedings. Presumably, if the Court had wished to announce the rule urged by La-Clair, it would have, since the Court in *Sanders* expressly set out to formulate "basic rules to guide the lower federal courts" in collateral proceedings. 373 U.S. at 15, 83 S.Ct. at 1077.

■ We hold that the law in this circuit is that appointment of counsel for indigents in habeas corpus and section 2255 proceedings rests in the sound discretion of district courts unless denial would result in fundamental unfairness impinging on due process rights.

LaClair also presents a narrower question whether on the facts in this case he was entitled to counsel in preparation and presentation of his claim under section 2255. LaClair's fifth petition is based upon an alleged denial of counsel at the time of his confession. After the district court denied his petition, the Supreme Court ruled that Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), does not apply retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■■ There is no merit to the contention that under *Johnson* LaClair may now raise the question of coerced confession inducing his guilty plea. This claim was made in his first and second 2255 motions. In the petition before us the only coercion claimed is the denial of LaClair's request for an attorney during the interrogation, denial of the attorney to access to his client, and the absence of advice that he had the right to remain silent. We agree that these facts are cognizable under *Johnson* as factors in a claim of involuntariness of confession. But these allegations, taken as true,[4] do not overcome the conclusive determination of the voluntariness of LaClair's confession on his first and second motions. We hold that the allegations of the fifth petition did not raise any issue which was not conclusively determined by the records, files, etc., in the case. We think the court did not err in denying the prayer for the writ without a hearing or the assistance of counsel, although we do not base our decision upon this court's holding in Smith v. United States, 347 F.2d 505 (7th Cir. 1965), where the plea was voluntary.

■ LaClair also contends that, under *Sanders, Coppedge* and *Kapsalis,* counsel should have been appointed so that "previously asserted claims" that were not properly denied could be proper-

---

3. 28 U.S.C. § 1915(d) (1964) provides that "the court may request an attorney to represent any * * * person unable to employ counsel" in any civil or criminal proceeding. It is noteworthy that the Criminal Justice Act of 1964 makes no provision for payment of counsel appointed in habeas corpus or § 2255 proceedings. 18 U.S.C. § 3006A (1964).

4. The reach of these allegations must be limited somewhat because LaClair's petition incorporated by reference a letter from his trial attorney indicating he had visited LaClair in the county jail several days after his arrest.

ly presented and so that he could show mental incompetence and a misapprehension of law at his guilty pleas and sentence. These grounds were not contained in his fifth 2255 motion before the district court and are not properly before us on appeal. The record discloses that a notice of appeal from the district court's denial of the fourth motion was filed, but that it has not been docketed. In view of the procedural confusion following this notice of appeal, this judgment we now enter is without prejudice to LaClair to proceed with prosecution of his appeal from the order denying his fourth petition if he so desires, and to request this court for what instructions or aid may be necessary in prosecuting that appeal.

Messrs. Jerry P. Belknap and Robert H. Reynolds, prominent Indiana attorneys, acted as court-appointed counsel for LaClair on this appeal. They have rendered exceptionally fine service in briefing and arguing the appeal. The court extends its thanks to them.

Affirmed.