Joseph T. McGRATH, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 16725.

United States Court of Appeals Seventh Circuit.

Oct. 10, 1968.

Rehearing Denied Nov. 19, 1968.

Ronald Jacobs, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Robert J. Lerner, Roch Carter, Asst. U. S. Attys., Milwaukee, Wis., for appellee.

Before DUFFY, Senior Circuit Judge, and SWYGERT and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

Petitioner was indicted in Milwaukee on September 29, 1966, for the offense of transporting falsely made securities in interstate commerce in violation of Title 18 U.S.C. § 2314. This appeal is from the denial of a motion made by petitioner under Title 28 U.S.C. § 2255, to set aside the judgment and sentence which had been imposed upon him by the District Court after petitioner had changed his plea from not guilty to nolo contendere.

Petitioner urges that it was error. to enter an order denying his motion without granting him a hearing and without appointing counsel to represent him.

Petitioner was arrested by the FBI agents in Chicago on February 28, 1967. He was brought promptly to the Federal Building in Chicago at which time he was informed of his rights by the FBI agents.

An Assistant United States Attorney was sought in order that petitioner could be brought before a magistrate. The Government attorney was located in Commissioner Pike's office, but when the Commissioner was informed that the prisoner could not make bond, he refused to see him.

Petitioner was confined in the Cook County jail for ten days. For some unknown reason, the United States Marshal's office in Milwaukee was not notified that the petitioner had been apprehended. During petitioner's ten-day stay in the Cook County jail, he was permitted to mail at least three letters, and he made several telephone calls.

Petitioner was promptly brought to trial in Milwaukee. He was represented by able counsel. After the Government had introduced part of its evidence, petitioner, through his counsel, informed the Court that he desired to change his plea from not guilty to nolo contendere.

The District Judge made a careful inquiry of petitioner and his counsel as to the reasons for the change in plea. The Court required the Government to detail the balance of the testimony it was prepared to introduce. It was disclosed that similar charges were then pending against petitioner in Kenosha County, Wisconsin, and Cook County, Illinois.

Petitioner explained to the District Court that he didn't want to "face a barrage of court hearings and juries and so on down the line * * * but I want to get this over with as quickly as possible, get whatever punishment is meted out over with so I can get back to my family and work."

Petitioner's attorney stated "It is only fair to state that he believes that if he is found guilty by this Court that the state authorities may not insist on the prosecution of their charges; but it's very clear to him that there is no guaranties or any promises or even any indications that this will be the case."

The District Court stated it was shocked by the conduct of the United States Marshal's office in Chicago in not transferring the petitioner to Milwaukee without delay. We join in the condemnation of the error or mistake that someone in that office made. However, unfortunate as the delay was, petitioner has shown no prejudicial error to him in that respect. He was brought to trial in Milwaukee promptly and it is clear that he was ably represented by counsel.

The appointment of counsel in a proceeding under Section 2255 is a matter within the discretion of the District Court. Kapsalis v. United States, 7 Cir., 345 F.2d 392 (1965); Mitchell v. United States, 7 Cir., 359 F.2d 833 (1966). On oral argument, counsel for petitioner seemed to acknowledge the validity of this rule but claimed that there was an abuse of discretion. We disagree!

Counsel for petitioner seemed to agree that the general rule is that if a plea of guilty has been entered, defects and defenses such as raised in his section 2255 motion would be waived. However, he insists that such is not the case where a plea of nolo contendere has been entered.

We hold that a plea of nolo contendere after which a judgment of guilty is entered is tantamount to a regular plea of guilty on the question of whether there was a waiver of alleged defects. Hall v. United States, 8 Cir., 259 F.2d 430; Berg v. United States, 9 Cir., 176 F.2d 122; Doss v. State of North Carolina, D.C., 252 F.Supp. 298, 303.

In Bell v. C.I.R., 8 Cir., 320 F.2d 953, p. 956 (1963), the Court said: "We think it clear that the entry and acceptance of a plea of nolo contendere has all the effects of a plea of guilty insofar as the purposes of the case are concerned. The only distinguishable feature between a plea of nolo contendere and that of guilty is that the former cannot be used against the defendant as an admission in any civil suit for the same act."

As to the granting of a hearing on a motion or petition under Section 2255, that statute provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." a prompt hearing shall be held. However, we agree with the District Court that the petitioner was not entitled to any relief under Section 2255.

We thank Mr. Ronald S. Jacobs of the Milwaukee bar for his meritorious services rendered as Court-appointed counsel.

The order of the District Court denying the relief requested under Section 2255 is

Affirmed.